IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN GEBERT II individually and on behalf of DESTINI GEBERT, a minor.<br><br>    Plaintiffs,<br><br>    v.<br><br>OFFICER D. CAPPELLUTI, OFFICER JONITAS, and the CITY OF WAUKEGAN,<br><br>    Defendant(s). | No.   FILED: JULY 18, 2008<br>08 cv 4101<br>JUDGE KENDALL<br>MAGISTRATE JUDGE NOLAN<br>JH |

## COMPLAINT AT LAW

NOW COME the PLAINTIFFS JOHN GEBERT II individually and on behalf of DESTINI GEBERT, a minor, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, state the following against the above named Defendants, to wit OFFICER D. CAPPELLUTI, OFFICER JONITAS, (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF WAUKEGAN.

## JURISDICTION

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.      PLAINTIFFS are residents of the State of Illinois and of the United States.

3.      The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF WAUKEGAN.

1

4. The CITY OF WAUKEGAN is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF WAUKEGAN.

## FACTS

5. On or about July 26, 2006, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF, DESTINI GEBERT.

6. On or about July 26, 2006, and on or about August 1, 2006, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF, JOHN GEBERT II.

7. On or about July 26, 2006, the DEFENDANT OFFICERS seized the PLAINTIFF, DESTINI GEBERT not withstanding the fact that the PLAINTIFF, DESTINI GEBERT had not committed any acts contrary to the laws of the State of Illinois. This conduct violated the Fourth Amendment to the United States Constitution.

8. On or about July 26, 2006 and on or about August 1, 2006, the DEFENDANT OFFICERS seized and arrested the PLAINTIFF, JOHN GEBERT II not withstanding the fact that the PLAINTIFF, JOHN GEBERT II had not committed any acts contrary to the laws of the State of Illinois. This conduct violated the Fourth Amendment to the United States Constitution.

9. The DEFENDANT OFFICERS unlawfully arrested and unlawfully detained PLAINTIFF, JOHN GEBERT II on or about July 26, 2006 and on or about August 1, 2006, during which times the DEFENDANT OFFICERS unlawfully made threats of, *inter alia*,

violence, further false arrests, and false imprisonment against the PLAINTIFF, JOHN GEBERT II.

10. During his arrest, detention, and interrogation on or about July 26, 2006 and on or about August 1, 2006, the PLAINTIFF, JOHN GEBERT II requested legal counsel.

11. Said access to legal counsel was unlawfully denied by the DEFENDANT OFFICERS.

12. The DEFENDANT OFFICERS arrested and/or seized, participated in the arrest and/or seizure, and/or failed to prevent the arrest and/or seizure of the PLAINTIFFS notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFFS had committed criminal activity of any sort.  The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFFS.

13. On July 26, 2006, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

14. On August 1, 2006, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

15. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer damages.

16. On or about July 26, 2006, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF WAUKEGAN.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**CONSPIRACY**

17. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

> a. agreeing not to report each other after falsely arresting PLAINTIFFS;
>
> b. denying PLAINTIFF, JOHN GEBERT II his right to legal counsel; and
>
> c. generating false documentation to cover-up for their own and each other's misconduct.

18. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about July 26, 2006 and on or about August 1, 2006, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury and suffer emotionally.

## COUNT I
## §1983 False Arrest/Unlawful Seizure

19. PLAINTIFFS re-allege paragraphs 1 – 18 as though fully set forth herein.

20. The actions of the DEFENDANT OFFICERS caused the arrest and/or seizure of the PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

21. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT II
### § 1983 Conspiracy Claim

22. PLAINTIFFS re-allege paragraphs 1 – 18 as though fully set forth herein.

23. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia,* the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT III
### § 1983 Denial of Right to Legal Counsel

24. PLAINTIFFS re-allege paragraphs 1 – 18 as though fully set forth herein.

25. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia,* the Sixth Amendment.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT IV
## 745 ILCS 10/9-102 Claim Against the CITY OF WAUKEGAN

26. PLAINTIFFS re-allege paragraphs 1 – 18 as though fully set forth herein.

27. Defendant CITY OF WAUKEGAN is the employer of the DEFENDANT OFFICERS alleged above.

28. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF WAUKEGAN.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFFS demands that, pursuant to 745 ILCS 10/9-102, the CITY OF WAUKEGAN pay PLAINTIFFS any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT V
## Supplementary Claim for *Respondeat Superior*

29. PLAINTIFFS re-allege paragraphs 1 – 18 as though fully set forth herein.

30. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF WAUKEGAN, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, PLAINTIFFS demand judgment against the CITY OF WAUKEGAN and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

31. Plaintiffs demand trial by jury.

          Respectfully submitted,


          s/ Blake Horwitz_____
          Attorney for the Plaintiff
          Blake Horwitz


**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076